**Lawrence HARRIS, Plaintiff–
Appellant,**

v.

**TULSA 66ERS, Defendant–Appellee.**

No. 13–5143.

United States Court of Appeals,
Tenth Circuit.

Jan. 22, 2014.

Lawrence Harris, pro se.

Before KELLY, HOLMES, and
MATHESON, Circuit Judges.

**ORDER AND JUDGMENT** *

SCOTT M. MATHESON, JR., Circuit
Judge.

On October 21, 2013, Plaintiff–Appellant
Lawrence Harris filed a pro se [1] complaint
in the United States District Court for the
Northern District of Oklahoma naming the
"Tulsa 66ers" NBA Development League
basketball team as defendant. This is the
third complaint Mr. Harris has filed con-
cerning his desire to play semi-professional
basketball for the Tulsa 66ers.[2] The dis-
trict court, acting *sua sponte*,[3] dismissed
Mr. Harris's third complaint without prej-
udice for lack of subject matter jurisdic-
tion. Mr. Harris now appeals from the
third dismissal. Exercising jurisdiction
under 28 U.S.C. § 1291, we affirm.

We review issues of subject matter ju-
risdiction de novo. *U.S. ex rel. Hafter
D.O. v. Spectrum Emergency Care, Inc.*,
190 F.3d 1156, 1160 (10th Cir.1999). Mr.
Harris must allege facts in his complaint
sufficient to show that the district court
had jurisdiction, such as federal question
or diversity jurisdiction. *See* 28 U.S.C.
§§ 1331, 1332; *Garrett v. Selby Connor
Maddux & Janer*, 425 F.3d 836, 840 (10th
Cir.2005) (noting that although pro se liti-
gants' pleadings are to be construed lib-
erally, pro se litigants must follow the
same rules of procedure that govern other
litigants).

Mr. Harris's complaint alleges that both
he and Defendant Tulsa 66ers are citizens
of Oklahoma, thus failing to meet the "citi-
zens of different States" requirement of
diversity jurisdiction. 28 U.S.C. § 1332.
Mr. Harris's complaint claims damages of
only $12,000, thus failing to meet the

---

* After examining Appellant's brief and the ap-
pellate record, this panel has determined
unanimously that oral argument would not
materially assist the determination of this ap-
peal. *See* Fed. R.App. P. 34(a)(2) and 10th
Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order
and judgment is not binding precedent, ex-
cept under the doctrines of law of the case,
res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value
consistent with Fed. R.App. P. 32.1 and 10th
Cir. R. 32.1.

1. We therefore construe his filings liberally.
*See Erickson v. Pardus*, 551 U.S. 89, 94, 127
S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

2. The first complaint was dismissed without
prejudice for lack of subject matter jurisdic-
tion in the district court and affirmed in this
court. *See Harris v. PBC NBADL, LLC*, 444
Fed.Appx. 300, 301 (10th Cir.2011). The sec-
ond complaint was dismissed without preju-
dice for lack of subject matter jurisdiction in
the district court and never appealed. *See
Harris v. PBC NBA DL, LLC*, No. 4:13–CV–
655, 2013 WL 5637058 (N.D.Okla. Oct. 18,
2013) ECF No. 6.

3. District courts have an independent duty to
examine whether they have subject matter
jurisdiction over cases, and may do so *sua
sponte*. *See* Fed.R.Civ.P. 12(h)(3) ("If the
court determines at any time that it lacks
subject-matter jurisdiction, the court must
dismiss the action."); *U.S. ex rel. King v.
Hillcrest Health Ctr., Inc.*, 264 F.3d 1271,
1281–82 (10th Cir.2001).

§ 1332 requirement that "the matter in controversy exceed[ ] the sum or value of $75,000." *Id.*

In addition, as the district court held, Mr. Harris's complaint, which alleges harassment and a "negotiated deal" that "turned false in 2010," ROA, Vol. 1 at 3, "makes no reference to any federal law, and the complaint cannot reasonably be construed to allege a claim arising under federal law." ROA, Vol. 1 at 13. Thus, there is no federal question jurisdiction. Nor can this court discern any other basis for subject matter jurisdiction.

The judgment of the district court is affirmed.